UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| YAODI HU, ) | |
|       Plaintiff, ) | |
| ) | |
| v. ) | No. 2:11 CV 346 |
| ) | |
| WELLS PLUMBING AND ) | |
| HEATING SUPPLIES, *et al.*, ) | |
|       Defendants. ) | |

## OPINION, ORDER and NOTICE TO PLAINTIFF

This matter is before the court on defendant City of Chicago's ("the City") motion to dismiss the complaint against it for lack of personal jurisdiction, improper venue and failure to state a claim, pursuant to FED. R. CIV. P. 12(b)(2), (3) and (6). The motion was served on February 29, 2012, making plaintiff Yaodi Hu's ("Hu") response due, pursuant to Local Rule 7-1(d)(2)(A), on March 19, 2012. No response is has been filed, so it is now more than two weeks past due.

The court can address the City's jurisdiction and venue arguments in any order, but must resolve them before addressing a merits-based argument under RULE 12(b)(6). *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422 (2007); *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83 (1998) Because it is clear that the court lacks personal jurisdiction over the City, the court will begin and end there.

Plaintiff Hu's complaint alleges that he is a citizen and resident of Indiana, but concerns alleged actions which took place entirely within the confines of

Chicago, Illinois. Hu alleges that he owns three buildings in Chicago, all of which are or were, apparently, tenant-occupied. As to the City, Hu alleges that it has initiated a proceeding against him seeking to place one of his buildings into a receivership, has partially demolished the building (as it has done to several other of his properties in the past), and that the Circuit Court of Cook County does not have jurisdiction. (DE # 1 at ¶ 1; ¶ 16.) He alleges that the City's building department has a practice of telling tenants not to pay rent to their landlord whenever there is a complaint made to the building department, and that this violates the Illinois and United States Constitutions. (DE # 1 at ¶ 2; ¶ 15.) Last, he alleges that the City disconnected the water supply to one of his buildings. (DE # 1 at ¶ 17.) He seeks compensatory and equitable damages.

Personal jurisdiction over a defendant is established, as the City argues, by serving a summons on the defendant in the manner authorized by FED. R. CIV. P. 4(k). Where, as here, the plaintiff has not identified a federal statute authorizing service, the question turns on whether a state court of general jurisdiction could bring the defendant before it. FED. R. CIV. P. 4(k)(1)(A); *Kinslow v. Pullara*, 538 F.3d 687, 690-91 (7th Cir. 2008).

As is relevant to the present discussion, Indiana allows its courts to "exercise jurisdiction on any basis not inconsistent with the Constitutions of this state or the United States." Ind. Tr. R. 4.4(A). Under this provision, courts may exercise either

general or specific personal jurisdiction, depending on the nature and extent of the defendant's contacts with the forum state. *uBID, Inc. v. GoDaddy Group, Inc.*, 623 F.3d 421, 425 (7th Cir. 2010). If a defendant has continuous and systematic general business contacts with the forum state, then general jurisdiction exists, and the defendant can be sued in the forum state for any cause of action arising anywhere. *Id.* at 425-26. More limited contacts with the forum state "will often support jurisdiction for a claim that is sufficiently related to the defendant's activities in the state" and are consistent with due process under the United States Constitution if it is fair and reasonable to make the defendant answer the plaintiff's claim in state forum. *Id.* at 426.

In the present case, plaintiff Hu has not alleged that the City is conducting any business at all in Indiana, and he complains of activities that he alleges took place entirely within Chicago. As a result, he has failed to identify any contacts whatsoever to supply a basis for jurisdiction, the court lacks personal jurisdiction over the City, and the City's motion to dismiss the complaint against it (DE # 20) is **GRANTED**.

Furthermore, the court cannot see why this same conclusion does not apply to the remaining defendants (except Wells Plumbing and Heating Supplies, who has waived the issue pursuant to Rule 12(h)(1)(A)), all of whom are alleged to be residents of Illinois who committed actions only in Chicago. It appears that the only reason Hu filed his complaint in this court is that he resides in Indiana; and possibly

because an order issued by the Executive Committee of the United States District Court for the Northern District of Illinois on September 10, 2008, in Civil Action No. 08 C 5194, bars him from filing any civil action there without obtaining prior leave from the Executive Committee.

Because it appears that the court lacks personal jurisdiction over all remaining defendants (except Wells Plumbing and Heating Supplies), plaintiff Hu is directed to file a memorandum on or before April 27, 2012, showing why they should not be dismissed.

**SO ORDERED.**

Date: April 9, 2012

 s/ James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT